# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> AWI Delaware, Inc.,[1] ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 14-12092 (___) |
| In re: ) <br> ) <br> Associated Wholesalers, Inc., ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 14-12093 (___) |
| In re: ) <br> ) <br> Nell's Inc., ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 14-12094 (___) |
| In re: ) <br> ) <br> Co-Op Agency Inc., ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 14-12095 (___) |
| In re: ) <br> ) <br> Associated Logistics, Inc., ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 14-12096 (___) |
| In re: ) <br> ) <br> White Rose Inc., ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 14-12097 (___) |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: AWI Delaware, Inc. (3683); Associated Wholesalers, Inc. (7857); Nell's, Inc. (1195); Co-Op Agency Inc. (4081); Associated Logistics, Inc. (1506); White Rose Inc. (1833); Rose Trucking Corp. (2630); WR Service Corp. (5698); WR Service II Corp. (9444); WR Service V Corp. (4224); and White Rose Puerto Rico, LLC (4914). The Debtors' address is Associated Wholesalers, Inc. c/o Douglas A. Booth, Route 422, P.O. Box 67, Robesonia, PA 19551.

1635858.1 09/09/2014

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Rose Trucking Corp., ) | Case No. 14-12098 (___) |
| ) | |
| Debtor. ) | |
| In re: ) | Chapter 11 |
| ) | |
| WR Service Corp., ) | Case No. 14-12099 (___) |
| ) | |
| Debtor. ) | |
| In re: ) | Chapter 11 |
| ) | |
| WR Service II Corp., ) | Case No. 14-12100 (___) |
| ) | |
| Debtor. ) | |
| In re: ) | Chapter 11 |
| ) | |
| WR Service V Corp., ) | Case No. 14-12101 (___) |
| ) | |
| Debtor. ) | |
| In re: ) | Chapter 11 |
| ) | |
| White Rose Puerto Rico, LLC, ) | Case No. 14-12102 (___) |
| ) | |
| Debtor. ) | Joint Administration Requested |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11
CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1015(B) AND LOCAL RULE 1015-1**

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their proposed undersigned counsel, hereby move the Court (the "Motion") for the entry of an order, substantially in the form attached hereto, granting joint administration of their respective chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court

2

for the District of Delaware (the "Local Rules"). In support of this Motion, the Debtors rely on the Declaration of Douglas A. Booth in Support of First Day Motions for Relief, which is being filed contemporaneously herewith, and respectfully state as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Bankruptcy Rule 1015(b) and Local Rule 1015-1.

### Background

3. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

4. Associated Wholesalers, Inc. ("AWI"), a Pennsylvania corporation, together with Nell's Inc., Co-Op Agency Inc., Associated Logistics, Inc. and AWI Delaware, Inc. (collectively with AWI, the "AWI Debtors"), is a leading cooperative food distributor that provides

3

distribution and retail services to member retailers. Founded in 1962 and headquartered in Robesonia, Pennsylvania, AWI currently services 800 supermarkets, specialty stores, convenience stores and superettes with grocery, meat, produce, dairy, frozen foods and general merchandise/health and beauty care ("GM/HBC") products. AWI also provides a wide array of retail services to its customers. AWI primarily serves the mid-Atlantic United States, with customers in Pennsylvania, New Jersey, Delaware, Maryland, Virginia, West Virginia and Ohio. It owns two distribution facilities: one in Robesonia, Pennsylvania and one in York, Pennsylvania. The AWI Debtors further have approximately 1,366 employees.

5.  White Rose Inc. ("White Rose"), a wholly owned subsidiary of AWI, together with Rose Trucking Corp., W.R. Service Corp., W.R. Service II Corp., W.R. Service V Corporation and White Rose Puerto Rico, LLC (collectively with White Rose, the "White Rose Debtors"), is a leading independent food wholesaler and distributor serving the greater New York metropolitan area. White Rose distributes an assortment of more than 19,000 food and non-food items, as well as a highly-regarded private label offering, to its approximately 495 customers. White Rose distributes products in three categories: grocery, frozen and dairy products. These products are purchased from more than 850 manufacturers and distributors, and White Rose sources its own private label products from producers, manufacturers and packers that are licensed by White Rose. White Rose maintains three distribution facilities: two in Carteret, New Jersey and one in Woodbridge, New Jersey. The White Rose Debtors have approximately 800 employees.

6.  Following AWI's acquisition of the Di Giorgio Corporation (later renamed White Rose Inc.) in June 2006, AWI and its affiliates, including White Rose, faced significant economic challenges. Indeed, at the time that it acquired White Rose, AWI believed that the companies could be integrated to take advantage of certain synergies that would enhance both

businesses. Unfortunately, AWI was never able to capitalize on the perceived benefits of the combining the businesses. In addition, at the same time, White Rose's customer base continued to erode as a result of a number of factors, including compressed margins and fierce competition. AWI itself was not immune from these industry conditions, and saw a decline in business beginning in 2013.

7. While annual revenue for the Debtors, on a consolidated basis, was approximately $2.2 billion in each of the fiscal years ending on August 31, 2011, August 31, 2012 and August 31, 2013, respectively, net income for the AWI Debtors over the last three fiscal years was as follows:[1]

| | |
|---|---|
| 2011: | $22.5 million |
| 2012: | $22.9 million |
| 2013: | ($19.0 million) |

8. Likewise, net income for the White Rose Debtors over the past three fiscal years was as follows:[2]

| | |
|---|---|
| 2011: | $1.8 million |
| 2012: | $2.4 million |
| 2013: | ($2.6 million) |

9. Debtors AWI, Nell's Inc., Associated Logistics, Inc. and White Rose (the "Borrowers") are parties to a Second Amended and Restated Credit Agreement dated as of June 30, 2010 (as amended, the "Credit Facility") with a group of lenders that are, or may become, parties to the Credit Facility (collectively, the "Lenders"), Bank of America, N.A., as successor by merger to LaSalle Bank, N.A. ("BofA"), Banc of American Securities LLC, as sole lead arranger and joint book runner, Wells Fargo Capital Finance, LLC, as joint book runner and

---

[1] These figures reflect net income before patronage and income taxes.

[2] These figures reflect net income before patronage and income taxes.

syndication agent, and RBS Business Capital, as documentation agent (collectively with the Lenders and BofA, the "Bank Group"). In addition to being a member of the Bank Group, BofA also serves as lender, issuer and agent for the Bank Group with respect to the Credit Facility.

10. Debtors AWI Delaware, Inc., Co-Op Agency, Inc. and Rose Trucking Corp. (together, the "Guarantors") are guarantors under the Credit Facility.

11. Each of the Borrowers and Guarantors is jointly and severally liable for all of the obligations owed under the Credit Facility. In addition, the obligations owed to the Bank Group under the Credit Facility are secured by liens on substantially all of the Debtors' assets.

12. As of the Petition Date, the Debtors owe the Bank Group an aggregate principal amount of not less than $131,857,966 (inclusive of outstanding letters of credit), plus accrued interest.

13. The Debtors estimate that they also have approximately $72 million of trade debt as of the Petition Date.

14. On February 28, 2014, the Borrowers, the Guarantors, the Lenders and BofA entered into a Waiver and Fourth Amendment to the Credit Facility, which, among other things, waived certain existing defaults under the Credit Facility and provided for the sale of certain real estate.

15. In December 2013, AWI retained Carl Marks Advisory Group LLC ("Carl Marks") to conduct a third-party business review of the company and to facilitate the development of strategic options for White Rose. Although this process led to the identification of several initiatives that could improve profitability and stability in the businesses, the Borrowers ultimately experienced additional defaults under the Credit Facility.

16. On May 13, 2014, the Debtors hired Lazard Middle Market, LLC ("LMM") as their exclusive investment banker. After initially considering a sale of only the White Rose

Debtors, the Debtors, with the assistance of LMM, expanded their marketing efforts to include the AWI Debtors' assets.

17.  Following a wholesome marketing process, the Debtors received letters of intent from three potential strategic buyers. Thereafter, following negotiations, the Debtors entered into an Asset Purchase Agreement with C&S Wholesale Grocers, Inc. ("C&S") on September 9, 2014, which, subject to Court approval, will serve as the stalking horse bidder in a competitive bidding process before this Court.

18.  Additional information regarding AWI and its affiliated Debtors, and the background to the Debtors' bankruptcy filing, is set forth in the Declaration of Douglas A. Booth in Support of First Day Motions for Relief, filed substantially contemporaneously herewith and incorporated herein.

### Relief Requested

19.  To optimally and economically administer the Debtors' pending Chapter 11 Cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to AWI Delaware, Inc. (Case No. 14-12092). Pursuant to Bankruptcy Rule 1015(b), "[i]f ... two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b); *see also* Del. Bankr. L.R. 1015-1. The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

20.  Many of the motions, hearings and orders that will arise in the Chapter 11 Cases will affect each of the Debtors. By jointly administering the Chapter 11 Cases, the Debtors will be able to reduce fees and costs resulting from the separate administration of the Chapter 11

Cases and ease the onerous administrative burden of having to file multiple and duplicative documents in each of these Chapter 11 Cases.

21. Further, the rights of the Debtors' respective creditors will not be adversely affected by the joint administration of the Chapter 11 Cases because this Motion requests only administrative, not substantive, consolidation of the estates. As a result of the relief requested herein, all of the Debtors' creditors will benefit from the reduced costs of such joint administration. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the United States Trustee will be simplified.

22. Based on the foregoing, the joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their creditors and all parties-in-interest. Accordingly, the Debtors request that the caption of the Chapter 11 Cases be modified to reflect the joint administration of the cases, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AWI Delaware, Inc., *et al.*,[1] | ) | Case No. 14-12092 (___) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: AWI Delaware, Inc. (3683); Associated Wholesalers, Inc. (7857); Nell's, Inc. (1195); Co-Op Agency Inc. (4081); Associated Logistics, Inc. (1506); White Rose Inc. (1833); Rose Trucking Corp. (2630); W.R. Service Corp. (5698); W.R. Service II Corp. (9444); W.R. Service V Corporation (4224); and White Rose Puerto Rico, LLC (4914). The Debtors' address is Associated Wholesalers, Inc. c/o Douglas A. Booth, Route 422, P.O. Box 67, Robesonia, PA 19551.

23. The Debtors also request that a docket entry be made in each of the above-captioned cases substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of AWI Delaware, Inc., Case No. 14-12092(___); Associated Wholesalers, Inc., Case No. 14-12093(___); Nell's Inc., Case No. 14-12094 (___); Co-Op Agency Inc., Case No. 14-12095 (___); Associated Logistics, Inc., Case No. 14-12096 (___); White Rose Inc., Case No. 14-12097 (___); Rose Trucking Corp., Case No. 14-12098 (___); W.R. Service Corp., Case No. 14-12099 (___); W.R. Service II Corp., Case No. 14-12100 (___); W.R. Service V Corporation, Case No. 14-12101 (___); White Rose Puerto Rico, LLC, Case No. 14-12102 (___)
>
> The docket in AWI Delaware, Inc., Case No. 14-12092 (___) should be consulted for all matters affecting the above listed cases.

24. Finally, the Debtors request that the Court enter an order that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly administered case.

25. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in multiple related cases. *See, e.g., In re Source Home Entertainment, LLC*, Case No. 14-11553 (KG) (Bankr. D. Del. June 24, 2014); *In re Natrol, Inc.*, Case No. 14-11446 (BLS) (Bankr. D. Del. June 19, 2014); *In re Universal Cooperatives, Inc.*, Case No. 14-11187 (MFW) (Bankr. D. Del. May 13, 2014); *In re IPC Int'l Corp.*, Case No. 13-12050 (MFW) (Bankr. D. Del. Aug. 13, 2013); *In re Oncure Holdings, Inc.*, Case No. 13-11540 (KG) (Bankr. D. Del. June 18, 2013); *In re SSI Group Holding Corp.*, Case No. 11-12917 (MFW) (Bankr. D. Del. Sept. 15, 2011); *In re DSI Holdings, Inc.*, Case No. 11-11941 (KJC) (Bankr. D. Del. June 28, 2011); *In re Perkins & Marie Callender's Inc.*, Case No. 11-11795 (KG) (Bankr. D. Del. June 14, 2011); *In re Universal Building Products, Inc.*, Case No. 10-

12453 (MFW) (Bankr. D. Del. Aug. 5, 2010); *In re U.S. Concrete, Inc.*, No. 10-11407 (PJW) (Bankr. D. Del. 2010).

### Notice

26. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Office of the United States Attorney for all Districts of the states in which the Debtors conduct business; (c) the Office of the Attorney General for all of the states in which the Debtors conduct business; (d) the Department of Labor for all of the states in which the Debtors conduct business; (e) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed by the Debtors pursuant to Bankruptcy Rule 1007(d); (f) counsel to Bank of America, N.A., as issuing bank and agent for the Debtors' pre-petition and post-petition secured lenders; (g) the Internal Revenue Service; (h) counsel to C&S; (i) the Pension Benefit Guaranty Corporation; and (j) the Debtors' unions. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

27. No prior motion for the relief requested herein has been made to this or any other court.

[the remainder of this page has been left intentionally blank]

1635858.1 09/09/2014

WHEREFORE, the Debtors respectfully request the entry of an order: (i) authorizing the joint administration of the Chapter 11 Cases under the case number assigned to AWI Delaware, Inc.; (ii) requiring that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 9, 2014                    SAUL EWING LLP

_____
Mark Minuti (DE Bar No. 2659)
Lucian Murley (DE Bar No. 4892)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873
mminuti@saul.com
lmurley@saul.com

-and-

Jeffrey C. Hampton
Robyn F. Pollack
Monique Bair DiSabatino
Ryan B. White
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Facsimile: (215) 972-7725
jhampton@saul.com
rpollack@saul.com
mdisabatino@saul.com
rwhite@saul.com

*Proposed Counsel for Debtors
and Debtors-in-Possession*