UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| ADI Liquidation, Inc. (f/k/a AWI Delaware, Inc., et al.), | Case No. 14-12092(KJC) (Jointly Administered) |
| Debtors. | Re: Docket No. 1821 |

**SUPPLEMENTAL OBJECTION OF LACTALIS RETAIL DAIRY, INC. AND LACTALIS DELI, INC. AND JOINDER TO OBJECTIONS TO JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO OFFSET TRADE CREDITS, VENDOR OVERPAYMENTS, AND/OR ANY OTHER AMOUNTS OWED TO THE DEBTORS FIRST AGAINST THE ADMINISTRATIVE OR SECURED PORTION OF CREDITORS' CLAIMS; AND (II) DISALLOWING CLAIMS FOR POST-PETITION INTEREST IN CONNECTION WITH CLAIMS ASSERTED UNDER 11 U.S.C. § 503(b)(9)**

Lactalis Retail Dairy, Inc. ("Dairy") and Lactalis Deli, Inc. ("Deli"), by and through their undersigned counsel, file this supplemental objection and joinder to the objections of Georgia-Pacific Consumer Products LP and Dixie Consumer Products LLC [Docket No. 1918]; Ad Hoc Committee of Section 503(b)(9) Creditors [Docket No. 1921]; Kellogg Company [Docket No. 1922]; The Dannon Company, Inc. [Docket No. 1923]; New World Pasta and Riviana Foods [Docket No. 1925]; Kimberly-Clark Global Sales, LLC [Docket No. 1926]; and The Kraft Entities [Docket No. 1927] (collectively, the "Objections") to the Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order (i) Authorizing the Debtors to Offset Trade Credits, Vendor Overpayments, and/or Any Other Amounts Owed to the Debtors First Against the Administrative or Secured Portion of Creditors' Claims; and (ii) Disallowing Claims for Post-Petition Interest in Connection with Claims Asserted Under 11 U.S.C.

7697361/

§ 503(b)(9) dated February 27, 2015 (Docket No. 1821) (the "Motion"), and in support of this objection, Dairy and Deli respectfully represent as follows:

### Background

1. On September 9, 2014 ("Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their affairs as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. Dairy and Deli are both food products corporations which produce and distribute certain cheese and other dairy products and used to distribute product to the Debtors.

3. Dairy and Deli supplied such goods to the Debtors in the ordinary course of business prior to the Petition Date.

4. As of the Petition Date, the Debtors owed Dairy $83,031.22 ("Dairy Arrears") for goods shipped to the Debtors, of which $19,233.72 ("Dairy 503(b)(9) Claim") in amount were supplied to the Debtors and received by the Debtors during the 20 days prior to the Petition Date, at a time when the Debtors were insolvent, and for which Dairy has not been paid ("Dairy 503(b)(9) Goods").

5. As of the Petition Date, the Debtors owe Deli $86,783.87 ("Deli Arrears") for goods shipped to the Debtors, of which $38,678.22 ("Deli 503(b)(9) Claim") in amount were supplied to the Debtors and received by the Debtors in the 20 days prior to the Petition Date, at a time when the Debtors were insolvent, and for which Deli has not been paid ("Deli 503(b)(9) Goods").

6.     On November 26, 2014, Deli and Dairy filed a motion seeking payment of the Dairy and Deli 503(b)(9) Claims ("503(b)(9) Motion") (Docket No. 1020). The 503(b)(9) Motion has been adjourned multiple times at the Debtors' and Committee's request.

**Preliminary Statement**

7.     The Official Committee of Unsecured Creditors ("Committee") and above-captioned debtors ("Debtors") argue that creditors such as Dairy and Deli (i) *must* elect and assert recoupment defenses before asserting any valid setoff right, and (ii) *must* have their 503(b)(9) administrative expense claims reduced by the amount of any valid setoff/recoupment claim prior to applying the amount to any general unsecured claim. There is no legal or factual support for either of these arguments and, as such, the Motion should be denied.

**Argument**

8.     Dairy and Deli hereby join in the Objection of Georgia-Pacific Consumer Products LP and Dixie Products LLC to the Joint Motion of the Official Committee of Unsecured Creditors and the Debtors for an Order (I) Authorizing the Debtors to Offset Trade Credits, Vendor Overpayments and/or Any Other Amounts Owed to the Debtors First against the Administrative or Secured Portion of Creditors' Claims; and (II) Disallowing Claims for Post-Petition Interest in Connection with Claims Asserted under 11 U.S.C. § 503(b)(9) (Docket No. 1918) ("GP Objection") and supplement the GP Objection as set forth below.

9.     In the Motion, the Committee and Debtors establish that in certain jurisdictions, debtors are permitted to apply pre-petition setoff/recoupment claims against

503(b)(9) claims, because *both* are pre-petition and, as such, mutuality is present. Nevertheless, the Committee and Debtors fail to establish that when presented with the option to apply pre-petition setoff/recoupment claims against general unsecured or 503(b)(9) claims, this Court should order that Debtors be allowed to first apply such amounts against 503(b)(9) claims - because they cannot.

10. Of great significance is that -

> Section 503(b)(9) grants an administrative expense priority for the value of goods received by a debtor within 20 days before the commencement of the case where such goods have been sold to the debtor in the ordinary course of its business.

*In re Plastech Engineered Products, Inc.*, 394 B.R. 147 (E.D. Michigan 2008); 11 U.S.C. §§ 503(b)(9) and 507(a)(2).

11. Section 1129(a)(9)(A) of the Bankruptcy Code provides in pertinent part that a court shall only confirm a plan if -

> [e]xcept to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that - (A) with respect to a claim of a kind specified in section 507(a)(2)[1] or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim *cash equal to the allowed amount of such claim*;

11 U.S.C. § 1129(a)(9)(A) (emphasis added).

12. As such, absent 503(b)(9) creditor consent, to the extent these Debtors intend to confirm a plan, 503(b)(9) claims should be paid in full in cash on the effective date of such plan.

---

[1] 11 U.S.C. § 507(a)(2) claims include administrative expense claims allowed under Section 503(b) of the Bankruptcy Code, including 503(b)(9) claims.

7697361/

13. Because there is no such comparable provision with respect to general unsecured claims, the integrity of the Bankruptcy Code's intent is best upheld by requiring a valid claim for setoff or recoupment to be applied first to general unsecured claims and then thereafter to 503(b)(9) claim amounts.

**WHEREFORE**, Dairy and Deli respectfully request that this Court deny the Motion to the extent it seeks an order of this Court approving procedures (i) requiring creditors such as Dairy and Deli to seek recoupment prior to seeking setoff, (ii) allowing Debtors to apply valid setoff/recoupment claims first to 503(b)(9) claims, secured claims or cash on account, and thereafter to general secured claims, (iii) and for such other and further relief as this Court deems appropriate.

Dated: March 30, 2015

**MORRIS JAMES LLP**

_____
Jeffrey R. Waxman (Bar No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware  19801-1494
Telephone:  (302) 888-6800

-and-

PHILLIPS LYTLE LLP
Angela Z. Miller
One Canalside
125 Main Street
Buffalo, New York  14203
Telephone:  (716) 847-8400
Fax:  (716) 852-6100

Counsel for Lactalis Retail Dairy, Inc. and Lactalis Deli, Inc.

7697361/